UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA AARON ELSWICK | ) | COMPLAINT WITH DEMAND |
| | ) | FOR JURY TRIAL |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. __3:23CV-33-GNS |
| v. | ) | |
| | ) | |
| RYAN DERROUGH, Individual Capacity | ) | |
| | ) | |
| Serve: | ) | **ELECTRONICALLY FILED** |
| Ryan Derrough | ) | |
| Bullitt County Detention Center | ) | |
| 1671 Preston Hwy. | ) | |
| Shepherdsville, Kentucky 40165 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

Comes the Plaintiff, Joshua Aaron Elswick, by and through Counsel, and asserts the following Complaint, claims, and averments against the Defendant Ryan Derrough, individually:

## I.   PRELIMINARY STATEMENT

1. This is an action for excessive force in violation of the Plaintiff's constitutional rights guaranteed by the Fourteenth Amendment. On September 4, 2022, while the Plaintiff was confined as a pretrial detainee within the Bullitt County Detention Center, he was repeatedly subjected to pain, suffering, and cruel and unusual punishment by Lieutenant Ryan Derrough. Derrough, without proper justification and while the Plaintiff was handcuffed, shackled, and being non-disruptive and non-resistant with officers, delivered repeated shocks of electricity into the Plaintiff's arms via two conducted electrical weapons, each of which were being worn on Derrough's hands. Derrough then directed for Elswick, who remained compliant and non-disruptive (other than grimacing in pain) to be placed in a wrap restraint system. Derrough's

1

conduct was intentional, was purposefully performed to inflict unjustified pain upon the Plaintiff and was objectively unreasonable as a matter of law and in violation of the Plaintiff's clearly established rights. As such, the Plaintiff brings this action for all damages

## II.   PARTIES, JURISDICTION AND VENUE

2.   The Plaintiff, Joshua Elswick, is a resident of this judicial district.

3.   The Defendant Ryan Derrough was, at all times relevant to this action, employed by the Bullitt County Detention Center and acting under the color of law. He is sued in his individual capacity.

4.   Jurisdiction over claims arising from the Defendant's violation of the Fourteenth Amendment of the United States Constitution is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

5.   Venue is proper in this Division due to the location of the subject events.

## III.   FACTS

6.   Joshua Elswick (Josh) is a forty (40)-year old husband and father.

7.   He works as a plastic fabricator at Vanaire.

8.   On or about September 4, 2022, Josh was arrested by the Mount Washington Police Department and subsequently booked, the same day, into the Bullitt County Detention Center ("the jail").

9.   After his arrival and booking at the jail, Josh was sitting in a chair, restrained in handcuffs and shackles on both ankles.

10.   Josh requested water.

11.   Josh was not combative and posed no objectively reasonable risk of harm to himself or others.

2

12. Jail officers responded to Josh's plea for water by ordering him to get on the ground.

13. Josh remained unhostile and uncombative, but refused to get on the ground as he did not understand the basis for the request.

14. Furthermore, Josh has a history of diagnosis and treatment for paranoid schizophrenia, thereby causing him further anxiety and apprehension.

15. Nonetheless, Josh was physically seized by approximately four (4) jail guards, including Defendant Ryan Derrough.

16. At the time, Defendant Derrough was wearing "shock" gloves, which are conducted electrical weapons which release an electrical shock when applied to a person.

17. While Josh was still restrained by handcuffs and shackles, Defendant Derrough grabbed him by both arms, thereby delivering voltage of painful electricity throughout Josh's body.

18. Josh attempted to pull away due to the pain of electrocution.

19. Defendant Derrough continued to grab Josh with the gloves and forcibly pulled him toward the floor.

20. Josh continued to remain non-combative, but was placed in a wrap restraint.

21. Josh continued to suffer cruel and unusual punishment from Durrough, and via command of Durrough given to other officers, throughout his six-day detainment.

22. Josh remained in the booking area throughout the entirety of his detainment.

23. Josh was repeatedly denied water throughout his detainment, despite his please for the same.

24. At one point during the course of his detainment, Josh became so dehydrated, thirsty, and desperate that he drank water from a toilet.

25. Throughout Josh's confinement, it was clear that he needed mental health treatment

and medical treatment for his serious medical condition and dehydration.

26. Derrough did not provide Josh with access to adequate care for his serious medical and mental health issues.

27. Derrough attempted to hide his punishment of Josh; he omitted the use of the CEW from incident reports and failed to log Josh's deprivation of water.

28. Josh remained at the mercy of Derrough for basic life-sustaining necessities like water, food and medical care throughout his confinement.

29. When a mentally ill and physically dehydrated inmate, like Josh, is locked in solitary confinement without access to water, his life and well-being were in Derrough's hands.

30. Derrough responded to Josh's serious needs with punishment.

31. It is clearly established that "all but the most plainly incompetent jail officials would be aware that it is constitutionally unacceptable to fail to provide inmates with enough water for consumption and sanitation."

32. When Josh was released from the jail, he sought medical treatment.

33. Josh's labs revealed that his kidneys were functioning at less than 20 percent.

34. Labs prior to Josh's detainment confirmed that his kidneys were fully functional.

35. Josh suffered, and continues to suffer, substantial physical and emotional pain and suffering, medical expenses, humiliation and embarrassment, and other compensable harms and losses as a result of the excessive force and unjustified punishment inflicted upon him by the Defendant Derrough.

36. The Defendant Derrough's conduct, in addition to being purposeful and objectively unreasonable, was malicious, oppressive, and conducted with a subjective awareness that his conduct would cause serious harm.

37. The Defendant Durrough took no actions to remedy his misconduct. Rather, he attempted to conceal his actions.

### IV.     COUNT ONE –
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT AND PURSUANT TO 42 U.S.C. §1983

38. Plaintiff incorporates the preceding paragraphs by reference.

39. The Defendant is a "person" within the meaning of 42 U.S.C. § 1983.

40. The Defendant, while acting under color of law and within the scope of his employment as an employee of the Bullitt County Detention Center, violated Joshua Elswick's rights and privileges granted to him by the Fourteenth Amendment of the United States Constitution.

41. At all times relevant herein, Josh was a pretrial detainee at the Bullitt County Detention Center.

42. At all times relevant herein, it was clearly established that pretrial detainees, including Josh Elswick, had a constitutionally protected right to be free from excessive force used against them by jail guards and employees.

43. At all times relevant herein, it was clearly established that pretrial detainees, including Josh Elswick, had a constitutionally protected right to be free from cruel  force used against them by jail guards and employees.

44. At the time the Defendant used shock gloves on the Plaintiff, it was clearly established that use of such force was excessive and unconstitutional.

45. The Defendant had no objectively reasonable basis to believe that Josh presented an imminent threat or risk of death, serious injury, or harm to himself or others at any time leading up to and during the moments when he repeatedly shocked Josh.

5

46.    Through his actions, the Defendant demonstrated a deliberate indifference to Josh's health, safety, well-being, and life, all in violation of his constitutional rights.

47.    The Defendant's actions were intentional, willful, malicious, and in reckless disregard for Josh's clearly established rights guaranteed under the Fourth and Fourteenth Amendment.

48.    The actions of the Defendant directly deprived Josh Elswick of his constitutional rights and proximately caused his injuries and suffering.

49.    The conduct of the Defendant was intentional and was in gross violation of lawful standards for use of force, rendering it inevitable that Josh would be injured.

50.    The Defendant's actions constitute willful, wanton, reckless, conscious, malicious, deliberate indifference to and disregard for Josh Elswick's Constitutional rights, such that the Plaintiff is entitled to recover punitive damages.

51.    The Defendant's deprivation of Josh's constitutional rights entitles the Plaintiff to recover damages for past and future medical expenses, past and future physical and emotional pain and suffering, destruction of power to labor and earn income, and any other element of damages to which he may be entitled.

### V.    COUNT TWO – UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AND DEPRIVATION OF ACCESS TO ADEQUATE MENTAL HEALTH AND MEDICAL TREATMENT VIOLATION OF THE FOURTEENTH AMENDMENT AND PURSUANT TO U.S.C. §1983

52.    Plaintiff incorporates the preceding paragraphs by reference.

53.    The Defendant deprived the Plaintiff of adequate access to water within the jail for six days.

54.    At the time this occurred, it was clearly established that inadequate access

to water violates an inmate's constitutional rights when it continues for an extended period.[1]

55.     The Defendant's actions in depriving Josh of adequate access to water was purposeful, intentional, knowing, reckless, and objectively unreasonable.

56.     The Defendant knew or should have known that Josh's lack of adequate access to water placed him at a substantial risk of suffering serious harm.

57.     The Defendant did not take reasonable available measures to eliminate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved.

58.     The Defendant's conduct caused Josh to suffer injuries and damages.

59.     Additionally, at all times relevant herein, Josh's mental health and medical conditions were serious and obvious, thereby requiring the Defendant to afford Josh with access to mental health and medical care.

60.     The Defendant's actions of depriving Josh of access to adequate mental health care and medical treatment was purposeful, knowing, reckless, and intentional.

61.     The Defendant's actions of depriving Josh of access to adequate mental health care and medical treatment was objectively unreasonable.

62.     The Defendant's actions constitute willful, wanton, reckless, conscious, malicious, deliberate indifference to, and disregard for, Josh Elswick's Constitutional rights, such that the Plaintiff is entitled to recover punitive damages.

63.     The Defendant's deprivation of Josh's constitutional rights entitles the Plaintiff to recover damages for his past and future medical expenses, past and future physical and emotional pain and suffering, destruction of power to labor and earn income, and any other element of

---

[1] *Barker v. Goodrich*, 649 F.3d 428, 430 (6th Cir. 2011); *Barker v. Goodrich*, 649 F.3d 428, 430 (6th Cir. 2011).

damages to which he may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests the following relief:

a.    Trial by jury;

b.    An award of compensatory damages resultant from the violations of Joshua Elswick's constitutional rights;

c.    An award of punitive damages against the Defendant in order to punish the Defendant for his callous and/or reckless indifference to Joshua Elswick's constitutional rights and to deter such action in the future;

d.    Recoverable attorney fees and costs, including but not limited to those recoverable for claims brought under 42 U.S.C. § 1983, as set forth within 42 U.S.C. § 1988;

e.    Any all such other and further relief as this Honorable Court and the jury deems just and proper, including but not limited to attorney's fees, prejudgment and post-judgment interest, and allowable costs incurred.

Respectfully submitted,


/s/ Craig Sam Aguiar
Craig Sam Aguiar
Sara E. Collins
1900 Plantside Drive
Louisville, KY 40299
Telephone: (502) 888-8888
Facsimile: (502) 491-3946
sam@kylawoffice.com
scollins@kylawoffice.com
Counsel for Plaintiff